J-A19013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO EQUIPMENT FINANCE, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DOOR SERVICE, INC. | : | |
| | : | No. 3274 EDA 2018 |
| Appellant | : | |

Appeal from the Judgment Entered October 15, 2018
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  2017-28092

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED NOVEMBER 19, 2019**

Door Service, Inc., stopped making payments on an installment payment agreement to Wells Fargo Equipment Finance, Inc., because software Door Services purchased from a third party with the loan money allegedly did not work as expected. Wells Fargo brought the instant lawsuit claiming that Door Services had defaulted on its obligation under the agreement, and owed over $50,000 in principal, interest, and late fees. The installment payment agreement between the parties contained a disclaimer of any lender liability arising from the software purchased with the loan. It also contained a forum selection clause choosing Pennsylvania as the chosen forum for future lawsuits.

_____

[*] Former Justice specially assigned to the Superior Court.

After Door Services filed its answer, Wells Fargo filed a motion for summary judgment, which the trial court granted. Appellant asserts the trial court erred by granting of summary judgment. We affirm on the basis of the trial court opinion.[1]

Door Services raised four issues on appeal.

1. Was it an error of law to grant a motion for summary judgment when the record showed that fact issues existed and discovery was not complete?

2. Was it an error of law not to apply Illinois law to this action under 42 P.S. 5327?

3. Was it an error of law to split the cause of action under the jurisdiction of at least two (2) states?

4. Was it an error of law to overlook the plaintiff's failure to file a motion on the sufficiency of the objections to the requests for admission?

Door Services, Inc.'s Brief, at 3 (unnecessary capitalization omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, we conclude that there is no merit to the issues Door Services has raised on appeal. The trial court opinion properly disposes of Door Services' arguments, and we adopt it as our own. *See* Trial Ct. Op., at 3-5 (concluding that claims trial court should have applied Illinois law were waived for failing to raise before trial court and would lack merit; claim trial court erred in granting summary

---

[1] In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have not restated them at length here. *See* Trial Court Opinion, 01/01/19, at 1-2.

- 2 -

judgment was meritless because Wells Fargo's predecessor had no duty to investigate software; trial court properly granted summary judgment where no triable issue of fact existed, even without Door Services' responses to Wells Fargo's request for admissions).

Accordingly, we affirm on the basis of the trial court opinion.

Judgment affirmed.

President Judge Emeritus Stevens joins the memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/19